UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LAWRENCE LARSON, CHRISTOPHER PARZYCH,
CRAIG JOHNSON, BRIAN MCLAUGHLIN, PETER
HERMANSEN, THOMAS KING, and THOMAS
TREMARCO, as TRUSTEES of the DOCK BUILDERS,
PIER CARPENTERS, SHORERS, HOUSE MOVERS,
PILE DRIVERS, DIVERS, TENDERS AND
FOUNDATION AND MARINE CONSTRUCTORS
LOCAL UNION NO. 1456 MEMBERSHIP RELIEF
BENEFIT PLAN TRUST FUND

**COMPLAINT**

Civil Action No.:

Plaintiffs,

-against-

THE LAQUILA GROUP, INC.,

Defendant.
------------------------------------------------------------------------x

Plaintiffs, LAWRENCE LARSON, CHRISTOPHER PARZYCH, CRAIG JOHNSON, BRIAN MCLAUGHLIN, PETER HERMANSEN, THOMAS KING, and THOMAS TREMARCO, as TRUSTEES of the DOCK BUILDERS, PIER CARPENTERS, SHORERS, HOUSE MOVERS, PILE DRIVERS, DIVERS, TENDERS AND FOUNDATION AND MARINE CONSTRUCTORS LOCAL UNION NO. 1456 MEMBERSHIP RELIEF BENEFIT PLAN TRUST FUND (the "Fund") by their attorneys, Archer, Byington, Glennon & Levine, LLP, as and for their complaint respectfully allege as follows:

**NATURE OF ACTION**

1.      This action arises under Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. §185, and Sections 502(a)(2) and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(2) and 1132(a)(3). Plaintiffs bring this action to recover unpaid fringe benefit contributions and violations of Sections 515, 406, and 404 of ERISA, 29 U.S.C. §§1145, 1106 and 1104, and for

failing to comply with statutory and contractual obligations arising by virtue of defendant THE LAQUILA GROUP, INC.'s collective bargaining agreement (the "CBA") with Dockbuilders and Timberman Local 1556, United Brotherhood of Carpenters and Joiners of America (the "Union"), and its predecessor, Dockbuilders and Timberman Local 1456, United Brotherhood of Carpenters and Joiners of America, and for declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by Sections 502(e)(1) and (f) of ERISA, 29 U.S.C. §§1132(e)(1) and (f), by Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and under 28 U.S.C. §1331 and §1367.

3. Venue properly lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and under Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Service may be made on defendant in any district in which they may be found pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## PARTIES AND BACKGROUND

4. Plaintiff trustees are fiduciaries of the Fund within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§1002(21) and 1132.

5. At all relevant times, the Fund is and has been an employee benefit welfare plan as defined in ERISA, 29 U.S.C. §1002(1), and a multiemployer plan within the meaning of ERISA, 29 U.S.C. §§1145 and 1002(37)(A). The Fund is administered and has a principal place of business within the State of New York at 395 Hudson Street, New York, New York 10014.

6. The Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). The purpose of the Fund is to receive and collect required employee benefit contributions and deductions from employer's wages, and to provide

unemployment benefits, life insurance, accidental death and dismemberment insurance, disability insurance, and other benefits of a similar nature for eligible employees on whose behalf employers deduct and remit monies to the Fund pursuant to the CBA. The Fund is operated pursuant to the terms of an Agreement and Declaration of Trust (the "Trust Agreement").

7. Upon information and belief, defendant THE LAQUILA GROUP, INC. (the "Defendant"), is a domestic corporation organized and existing under the laws of the State of New York, with a place of business and/or mailing address at 1590 Troy Avenue, Brooklyn, NY 11234.

8. Upon information and belief, as more fully set forth herein, Defendant is an "employer" within the meaning of the LMRA, 29 U.S.C. §§142(3) and 152(2), and pursuant to Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

## AS AND FOR A FIRST CLAIM FOR RELIEF

9. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 8 hereof, as if fully set forth herein and with the same force and effect.

10. At all relevant times, the Union, on behalf of its members, and Defendant, have been party to or otherwise bound by a CBA, governing rates of pay, wages, hours, and other conditions of employment of Union members and others employed by Defendant within the collective bargaining unit covered by the CBA. At all times mentioned herein, the CBA has been in full force and effect.

11. Pursuant to the CBA, Defendant agreed and is obligated to pay over to the Fund employee welfare benefit contributions and/or wage deductions in agreed amounts ("Benefit Contributions"), so that covered employees and eligible beneficiaries will receive benefits through the Fund.

12. In accordance with ERISA, an employer delinquent in the payment of Benefit Contributions shall be liable to the Fund for all Benefit Contributions owed, together with liquidated damages, interest, attorneys' fees, court costs and audit fees.

13. Pursuant to Section 209 of ERISA, 29 U.S.C. §1059, Defendant has a duty to maintain detailed records regarding the hours worked by its employees for whom Benefit Contributions have been and/or are required to be paid into the Fund.

14. As a result of work performed by individual employees employed by the Defendant, there are unpaid Benefit Contributions due and owing to the Fund from the Defendant, upon information and belief in the known amount of at least $39,061.25 for the period from September 2011 to December 2014.

15. The Defendant agreed to toll the relevant statute of limitations on the unpaid Benefit Contributions for the period from September 2011 to December 2014 in exchange for Plaintiffs giving the Defendant additional time to propose a payment schedule and make payment prior to commencement of this Action. The tolling agreement expires on February 15, 2019.

16. No part of these Benefit Contributions have been paid although duly demanded, and the Fund has been damaged.

17. By reason of the foregoing, the Defendant is liable for the Benefit Contributions required to be paid to the Fund in the sum of at least $39,061.25, together with interest, liquidated damages, and an award to Plaintiffs of fees, costs, and reasonable attorneys' fees incurred, as provided by ERISA, 29 U.S.C. §1132.

## AS AND FOR A SECOND CLAIM FOR RELIEF

18. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 17 hereof, as if fully set forth herein and with the same force and effect.

19. Section 515 of ERISA, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, to make such contributions in accordance with the terms and conditions of such plan or such agreement.

20. The Fund is a multiemployer plan as defined in Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A).

21. By virtue of the CBA, Defendant has a contractual obligation to the Fund, enforceable under the LMRA, 29 U.S.C. §185, and as third-party beneficiary and in accordance with ERISA, and Defendant is statutorily required to make Benefit Contributions to the Fund pursuant to Section 515 of ERISA, 29 U.S.C. §1145.

22. The failure, refusal, or neglect of Defendant to make the required Benefit Contribution payments to the Fund constitutes a violation of Defendant's contractual and statutory duty, and has injured the Fund by delaying the investment and/or use of those Benefit Contributions to provide unemployment benefits, life insurance, accidental death and dismemberment insurance, disability insurance, and other benefits of a similar nature for the Fund's participants and beneficiaries, and causing unnecessary administrative expenses to the Fund.

23. Section 502 (g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides that upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. §1145, the Court shall award to a plaintiff fund the unpaid fringe benefit contributions owed, plus interest on the unpaid contributions computed at a rate set forth in the plan, or if none, as set forth in the United States Internal Revenue Code [26 U.S.C. §6621], plus an additional amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan up to

the sum of twenty percent (20%) of the unpaid contributions, together with reasonable attorneys' fees, costs and disbursements incurred in the action.

24. Accordingly, pursuant to ERISA, 29 U.S.C. §1132 (g)(2), the LMRA, 29 U.S.C. §185 and the CBA, Plaintiffs are entitled to an award of all unpaid Benefit Contributions required to be paid to the Fund by virtue of work performed by employees of Defendant for the period of September 2011 through December 2014, in the sum of at least $39,061.25, together with interest on the unpaid contributions at the rate provided in the CBA and/or Trust Agreement, plus an additional amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages in the amount of twenty percent (20%) of the unpaid contributions, together with the audit fees, reasonable attorneys' fees, and costs and disbursements incurred in the action.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, as follows:

(a) Against Defendant in favor of Plaintiffs, (i) entry of judgment awarding damages for all unpaid Benefit Contributions required to be paid to the Fund in an amount of at least $39,061.25 as detailed in the invoices submitted to Defendant for the period of September 2011 through December 2014, plus (ii) interest from the time each such unpaid amount came due, plus (iii) an additional amount equal to the greater of the amount of interest on the unpaid contributions, or liquidated damages in the sum of twenty percent (20%) of the unpaid contributions, as mandated by ERISA, 29 U.S.C. §1132(g)(2)(C), plus (iv) the legal fees, costs and disbursements of this action, as mandated by ERISA, 29 U.S.C. §1132(g)(2)(D), and that Plaintiffs have execution therefor;

(b) Directing such other and further relief as this Court deems just and proper.

Dated: Melville, New York
February 15, 2019

          ARCHER, BYINGTON, GLENNON & LEVINE, LLP
          Attorneys for Plaintiffs

By: *[signature]*

          Paul K. Brown
          One Huntington Quadrangle, Suite 4C10
          P.O. Box 9064
          Melville, New York 11747-9064
          (631) 249-6565

764666